KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
Michael J. Kump (SBN 100983)
  mkump@kwikalaw.com
Jonathan P. Steinsapir (SBN 226281)
  jsteinsapir@kwikalaw.com
Nicholas C. Soltman (SBN 277418)
  nsoltman@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiffs Kim Kardashian West and Kimsaprincess, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMSAPRINCESS INC., a California corporation, and KIMBERLY KARDASHIAN WEST, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES RUNELS, an individual, CELLULAR MEDICINE ASSOCIATION, aka AMERICAN COSMETIC CELLULAR MEDICINE ASSOCIATION, a Nevada corporation, ADVANCED DERMATOLOGY & COSMETIC LASER CARE, A MEDICAL CORPORATION, a California corporation, and 1 through 100, inclusive, <br><br> Defendants. | Case No. 2:19-cv-10415 <br><br> **COMPLAINT FOR:** <br><br> **(1) COPYRIGHT INFRINGEMENT [17 U.S.C. § 501];** <br><br> **(2) INFRINGEMENT OF REGISTERED MARK [15 U.S.C. § 1114];** <br><br> **(3) FALSE ASSOCIATION [15 U.S.C. § 1125(a)];** <br><br> **(4) VIOLATION OF THE RIGHT OF PUBLICITY; AND** <br><br> **(5) CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT

## INTRODUCTION AND FACTUAL BACKGROUND

1. Kim Kardashian West is a world-famous media and entertainment personality, model, businesswoman, and entrepreneur. Ms. Kardashian has spent considerable time, energy and resources developing her career and is generally credited as the first (and most successful) social media "influencer." As of this filing, Ms. Kardashian has over 148 million followers on Instagram and almost 62 million on Twitter.

2. Along with her family, Ms. Kardashian has starred for twelve years on E!'s hit reality television series *Keeping Up with the Kardashians* ("KUWTK"). KUWTK has also spawned various spin-offs, such as *Kourtney and Kim Take New York* and *Kourtney and Kim Take Miami*. In addition to her television presence, Ms. Kardashian is active in the fashion and cosmetics sectors. In 2017, she launched her own cosmetics company and beauty line, KKW Beauty, as well as a fragrance line, KKW Fragrance. Her most valuable property, however, remains her name and likeness.

3. Defendant Charles Runels is a doctor in Alabama. In characteristically self-promoting fashion, he describes himself alternatively as the "Orgasm Doctor" and the "Calvin Klein of medicine." To that end, while he appears to maintain a small practice in Alabama, most of his time is spent touting the various cosmetic procedures he has purported to trademark—including, as relevant here, the Vampire Facial (as well as the Orgasm Shot, the Vampire Facelift, and the Vampire Breast Lift). To hear Runels tell it, the point of medical trademarking is to "protect patients by limiting advertising of these procedures to providers who agree to follow specific methods and to use FDA approved devices," in much the same way that "a Calvin Klein tag goes on a garment manufactured by another person but who follows Mr. Klein's design." But the "protection" of patients who have never heard of Runels, let alone been treated by him, does not pay the bills. The *real* goal, as the *New York*

*Times* pointed out in 2011, was to charge other doctors $47 a month to promote *their* Vampire Facelifts.[1]

4. As it turns out, over the last decade, that number has doubled. As Runels admitted in a filing with the U.S. Patent and Trademark Office, as of December 2017 he was charging "over 650 medical providers" about *$190,000 per month* from licensing fees for approximately 2000 "licenses." Notably, these licenses are themselves the subject of a cancellation proceeding, which alleges, among other things, that Runels' registrations of the "Vampire" trademarks (i.e., Vampire Facelift, Vampire Nipplelift, Vampire O Shot, and Vampire Facial) are fraudulent, because he "neither exercises, nor has the right to exercise, any supervision or control" over the "licensed" medical services performed by medical providers across the nation. Runels' entire licensing apparatus appears to be a naked pay-to-play scheme—if applicants can pay the monthly fee, they are approved. Unsurprisingly, his misdeeds are not limited to unscrupulous licensing activities and shakedown letters to so-called "infringers" (what he calls the thousands of medical providers who do not "license" his various ill-begotten trademarks). Runels has also misappropriated the names and likenesses of some of the most famous women in the world, including Ms. Kardashian.

5. When he is not trying to sell "licenses" or tweeting out links that either quote him or refer to one of his "trademarked" procedures,[2] Runels serves as the President, Secretary, Treasurer, *and* Director of his co-defendant, the Cellular Medicine Association ("CMA"). (The CMA also operates through the similar-sounding, but not legally incorporated, "American Cosmetic Cellular Medicine

---

[1] Catherine Saint Louis, *'Vampire Face-Lifts': Smooth at First Bite*, NY Times (Mar. 2, 2011).

[2] In one 24-hour span this month, Runels' Twitter handle @TempleRepair (or more likely the bot he set up for this purpose) posted *24* different links, more of which were "dead" than from 2019.

Association" ("ACCMA").)  Despite the bland name, evocative of a legitimate trade group, the organization that he founded is short on "scientists" and "research" into "cellular medicine" and long on, you guessed it, licensing—or, as the CMA calls it, "certification." Indeed, it is no coincidence that Runels has as many "licensees" (2,000) as the CMA has members. For example, when applicants click on the "application to become a Provider (or to renew license [sic]) of the Vampire Facial® Procedure ($47 application fee, then monthly)," which "[i]ncludes 5 bottles of Altar™ Cream," the "application" form is indistinguishable from the "checkout" screen greeting any online shopper:

6. On information and belief, in addition to "certifying" medical providers (i.e., processing their payments), the CMA/ACCMA provides marketing materials to members such as Defendant Advanced Dermatology & Cosmetic Laser Care ("Advanced Dermatology"). Advanced Dermatology is a dermatology practice in Valencia, California. It is listed on the Vampire Facial website's "member" directory (www.vampirefacial.com/members/directory). In July 2019, a patient at Advanced Care (who was not there for a Vampire Facial) saw the pamphlet below:



7. While "the Kardashians"—or, more accurately, Ms. Kardashian and her sister Kourtney—did "get" a Vampire Facial, it was seven years ago. And they had certainly never licensed their name in connection with the procedure.

8. Upon further investigation, Ms. Kardashian was horrified to discover that her name and likeness were plastered all over Runels' website (www.vampirefacial.com). Just below a post disclaiming any association with the Vampire Facial provider from which patients had contracted HIV is a photo captioned, "Bar [Refaeli] & Kim Receive the Vampire Facial® Procedure." (Refaeli is a world-famous supermodel.)



**Figure 1: Vampire Facial homepage**

9. That is not the only image of Ms. Kardashian on the homepage, either. Just below is another photograph of Ms. Kardashian that she herself had taken and posted to Instagram, captioned in large blue font, "Kim Kardashian immediately

after her famous Vampire Facial® Procedure." The two photographs appear side-by-side below:



**Figure 3: @kimkardashian verified account (https://www.instagram.com/p/WsspMAuS2A/)**

**Figure 2: www.vampirefacial.com**

10. Incredibly, for someone who complains that he has "been forced to employ a full-time staff to identify and stop providers who use any or all of his trademarks without license,"[3] Runels has also used Ms. Kardashian's name and likeness elsewhere on his website.

- A YouTube video on the home page (which is itself a screengrab *of* the homepage with the video playing on a sidebar) features both of the aforementioned pictures of Ms. Kardashian.

- Another article, titled "The Secret Legal Story Behind Kim Kardashian's Famous 'Vampire' Selfie & Altar™ … the Latest Vampire Skin Therapy™," reads in pertinent part: "Recently, People reported on Kim Kardashian's most famous selfie—her face covered in blood after a Vampire Facial®. Here's the legal story behind the photo;

---

[3] Charles Runels, *Infringement*, Cellular Medicine Association (May 15, 2018), online at https://cellularmedicineassociation.org/infringement/#.XdXUBFdKiUk (adding that he has sent "communications" to "several hundred infringers throughout the country to stop using his trademarks").

      how Dr. Charles Runels, MD created the legal mechanism of the Vampire Facial® procedure to protect women from life threatening diseases." (https://www.vampirefacial.com/the-secret-legal-story-behind-the-most-famous-celebrity-selfie-ever/#.XcsNYlVKi70).

- Finally, a video titled "WARNING: Vampire Facial New Mexico—How to find the a [sic] licensed Vampire Facial® provider …" explicitly links Ms. Kardashian to the procedure: "… what the heck is a vampire facial? It's a very particular way of using an FDA-approved kit to prepare blood to go back on the face, which is what Kim Kardashian had. *I know for a fact the physician who did that was using an FDA-approved kit done in the right way, so there's absolutely no worry*." (https://www.vampirefacial.com/warning/#.Xc9iH1VKi70).

11. As if to highlight the blatant opportunism, one day after Ms. Kardashian's attention-grabbing Instagram post, Beverly Hills RN, another CMA "member," issued a press release distancing itself from Ms. Kardashian's procedure. Quoting "the only approved national trainer for the Vampire Facelift and Vampire Facial," who "was trained by the inventor of the procedure, Dr. Charles Runels," the release explained Ms. Kardashian's was "NOT the ideal treatment" because

> Firstly, I saw that they drew a great amount of blood in what looked to be a very large syringe. Normally, only about 8 cc's or ml's of blood is drawn … a very small amount equivalent to a tablespoon. Secondly, the physician was dropping the red blood on to her face...again NOT the way the procedure is done when done correctly. … Lastly, the procedure should not be painful. Granted, she did not use numbing crÃme [sic] because she may have already been pregnant (another issue) but when done correctly, the Vampire Facelift and the Vampire Facial should not be uncomfortable, bloody, or require a lot of blood!

(https://www.newswire.com/did-kim-kardashian-really-have/216112) In other

words, when Ms. Kardashian's gory procedure threatened to bring disrepute to Runels, he and his "trainer" disclaimed any association with her. But years later, when her star had risen even further, the procedure was suddenly "done in the right way."

12. Runels' scheme to misappropriate Ms. Kardashian's hard-earned popularity without her permission is so pervasive that she features prominently in, of all places, *his LinkedIn profile*. Quite literally, on *his* profile page, *her* photo is twice as large as his, as seen below.



**Figure 4: Charles Runels LinkedIn profile (https://www.linkedin.com/in/charles-runels-md-80633211)**

13. When Ms. Kardashian reached out to Runels and his trademark attorney to demand that he cease using her name and likeness without her consent, he not only refused to take down the pictures of her and references to her; *he had the temerity to demand that **she** pay **him***.

14. The Defendants' use of Ms. Kardashian's name and likeness is not, and never has been, authorized. The Defendants have never sought Ms. Kardashian's permission to use her as a "face" for their products and services, and Ms. Kardashian has never given such permission. Ms. Kardashian's actual endorsement for a nationwide campaign such as this would command a fee well into eight figures (assuming she would even agree to do such a campaign, which she most assuredly would not).

15. Setting aside the monetary value, however, it is Ms. Kardashian's choice whether or not to commercially endorse another party's goods and services. Runels and CMA took that choice away from her when they decided to prominently use her name and likeness in commercial advertising without her permission. Runels and CMA took that choice away from her when they decided to prominently use her name and likeness in commercial advertising without seeking her permission. Runels and CMA had no right to do this and, by this action, Ms. Kardashian seeks to hold the Defendants accountable for its blatant disregard of her well-established rights under state and federal law.

## PARTIES

16. Plaintiff Kim Kardashian West is a citizen of California and resides in this judicial district. Plaintiff Kimsaprincess, Inc., is a California corporation, with its principal place of business in Los Angeles County. Kimsaprincess administers certain personal services of Ms. Kardashian in the entertainment industry and is the owner of numerous trademarks associated with Ms. Kardashian's services, name, and likeness.

17. On information and belief, Defendant Charles Runels is a citizen of and resides in Alabama. On information and belief, Defendant Cellular Medicine Association is a Nevada corporation with its principal place of business in Fairhope, Alabama. On information and belief, Defendant Advanced Dermatology & Cosmetic Laser Care is a California corporation, with its principal place of business in Valencia, California.

18. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100 and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege these Defendants' true names and capacities when ascertained. Each of these Defendants is responsible and liable in some manner for the events alleged herein and the damages caused thereby.

## JURISDICTION AND VENUE

19. This is a civil action arising under federal law: namely, the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and the Lanham Act of 1946, 15 U.S.C. §§ 1051, *et seq.* This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims that they form part of the same case or controversy.

20. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a) because this is a civil action arising under an Act of Congress relating to copyrights and defendants or their agents reside in or may be found in this judicial district. Venue is also proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this district or a substantial part of property that is the subject of the action is situated in this district.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement – 17 U.S.C. § 501

21. Plaintiffs repeat and reallege all prior allegations of the Complaint.

22. Ms. Kardashian is the owner of the still photograph, VAMPIRE FACIAL SELFIE, which has been registered with the United States Copyright Office (Reg. No. VA0002177635) ("the Photograph"). The Photograph was registered on November 14, 2019.

23. Runels has used, and continues to use, the Photograph without consent or license from Ms. Kardashian.

24. To the extent it may not have directly used the Photograph, the CMA is liable for such infringements because Runels is, for purposes of infringement here, its agent. The CMA is also liable for such infringements pursuant to either or both the doctrines of vicarious infringement and contributory infringement.

25. As a result of Runels and the CMA's acts and omissions as described above, Ms. Kardashian has suffered damages and will continue to suffer damages in an amount that is presently unknown.

26. Runels' and the CMA's infringement entitles Ms. Kardashian to recover its actual damages and Runels' and the CMA's profits attributable to the infringement.

27. Runels and the CMA's infringement was willful.

28. Runels and the CMA's infringement of Ms. Kardashian's copyright has caused and will cause irreparable harm to Ms. Kardashian that cannot be fully compensated by money. Because Ms. Kardashian has no adequate remedy at law, she is entitled to appropriate injunctive relief prohibiting Runels and CMA from further unauthorized use of the Photograph.

## SECOND CLAIM FOR RELIEF

### Infringement of a Registered Mark – 15 U.S.C. § 1114

29. Plaintiffs repeat and reallege all prior allegations of the Complaint.

30. Plaintiff Kimsaprincess, Inc. is the owner of the mark, KIM KARDASHIAN, ("the Mark"), which is registered on the principal register under USPTO Reg. No. 4516079. Ms. Kardashian performs the services associated with

the Mark and has consented to the registration of this mark in the name of Kimsaprincess, Inc.. Plaintiffs' use of the mark in commerce predates Defendants' use.

31. Runels, the CMA, and Advanced Dermatology (collectively, "Defendants") have used, and continue to use the Mark in commerce in connection with the sale, offering for sale, distribution and advertising of their respective goods and services, along with the goods and services of persons associated with Runels. This use is not, and has never been, authorized by Plaintiffs.

32. Defendants' use of the Mark is likely to cause confusion, or to cause mistake or to deceive consumers as to the affiliation, association, connection, endorsement, or sponsorship of Plaintiffs with Defendants.

33. Runels and the CMA have used, and continue to use, the Mark with prior knowledge of Plaintiffs' rights therein, and with the intent to capitalize on and trade on the established goodwill of Plaintiffs. Their use of the Mark was in bad faith and with knowledge (or reckless disregard of the fact) that such use would cause confusion, mistake and deception.

34. As a result of Defendants' conduct alleged above, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be proven at trial, but not less than a number well into seven figures. Plaintiffs are further entitled to disgorge Defendants of all their profits under the Lanham Act. Runels and the CMA's willful infringement and misconduct is of such a nature that an award trebling the amount of damages is necessary and appropriate under the Lanham Act.

35. As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm unless their conduct is enjoined and restrained by this Court.

36. Runels and the CMA's misconduct is such that this is an "exceptional" case within the meaning of the Lanham Act, entitling Plaintiffs to recover their reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF

### False Association or Endorsement – 15 U.S.C. § 1125(a)

37. Plaintiffs repeat and reallege all prior allegations of the Complaint.

38. Plaintiff Kim Kardashian West is a world-famous popular media and entertainment personality, model, businesswoman entrepreneur, and social media influencer. Ms. Kardashian's name and likeness is famously associated with Plaintiffs and conjures up Ms. Kardashian's identity and persona in the minds of the public.

39. Defendants have used, and continue to use, Ms. Kardashian's name, likeness, identity, and persona in its advertisements in order to confuse the public into believing that Plaintiffs sponsor, endorse and are associated with Vampire Facial. In fact, Plaintiffs do not sponsor or endorse Vampire Facial, and they are not associated with Defendants.

40. As a result of Defendants' unauthorized use of Ms. Kardashian's name, likeness, identity, and persona, the public is mistakenly confused that Plaintiffs sponsor, endorse and are associated with Defendants and the Vampire Facial.

41. Defendants have used, and continue to use, Ms. Kardashian's name, likeness, identity, and persona with prior knowledge of Plaintiffs' rights therein, and with the intent to capitalize on and trade on the established goodwill of Plaintiffs. Runels and the CMA's use of Ms. Kardashian's name, likeness, identity, and persona is in bad faith and with knowledge (or reckless disregard of the fact) that such use would cause confusion, mistake and deception.

42. As a result of Defendants' conduct alleged above, Plaintiffs have suffered, and will continue to suffer, damages in an amount to be proven at trial, but not less than a number well into seven figures. Plaintiffs are further entitled to disgorge Defendants of all of its profits under the Lanham Act. Runels and the CMA's willful infringement and misconduct is of such a nature that an award trebling the amount of damages is necessary and appropriate under the Lanham Act.

43. As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm unless their conduct is enjoined and restrained by this Court.

44. Runels and the CMA's misconduct is such that this is an "exceptional" case within the meaning of the Lanham Act, entitling Plaintiffs to recover their reasonable attorney's fees.

## FOURTH CLAIM FOR RELIEF

### Violation of the Right to Publicity Under California Law

45. Plaintiffs repeat and reallege all prior allegations of the Complaint.

46. Plaintiff Kimberly Kardashian West's name and likeness is widely known and closely associated with Plaintiffs. Defendants' unauthorized use of Ms. Kardashian's name and likeness invokes Ms. Kardashian's identity in the minds of the public. The unauthorized use of Ms. Kardashian's name and likeness is prohibited both by California common law and by California Civil Code § 3344.

47. As a result of Defendants' intentional and unauthorized use of Ms. Kardashian's name and likeness in its advertising, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, but not less than a number well into seven figures.

48. As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm unless their conduct is enjoined and restrained by this Court.

49. Runels and the CMA's misappropriation of Ms. Kardashian's name and likeness was done with an intent to injure Plaintiffs and to subject Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights. Such acts were done willfully, maliciously, and oppressively. Plaintiffs are, therefore, entitled to an additional award of punitive and exemplary damages in an amount sufficient to punish Runels and the CMA and to deter them from committing such acts in the future.

## FIFTH CLAIM FOR RELIEF

### (California Common Law Trademark Infringement)

50. Plaintiffs repeat and reallege all prior allegations of the Complaint.

51. Plaintiff Kimberly Kardashian West is a world-famous popular media and entertainment personality, model, businesswoman entrepreneur, and social media influencer. Ms. Kardashian's name and likeness is famously associated with Plaintiffs and conjures up Ms. Kardashian's identity and persona in the minds of the public.

52. Defendants have used, and continue to use, Ms. Kardashian's name, likeness, identity, and persona in its advertisements in order to confuse the public into believing that Plaintiffs sponsor, endorse and are associated with Vampire Facial. In fact, Plaintiffs do not sponsor or endorse Vampire Facial, and they are not associated with Defendants.

53. As a result of Defendants' unauthorized use of Ms. Kardashian's name, likeness, identity, and persona, the public was mistakenly confused into believing that Plaintiffs sponsor, endorse and are associated with Defendants and the Vampire Facial.

54. Defendants have used, and continue to use, Ms. Kardashian's name, likeness, identity, and persona with prior knowledge of Plaintiffs' rights therein, and with the intent to capitalize on and trade on the established goodwill of Plaintiffs. Runels and the CMA's use of Ms. Kardashian's name, likeness, identity, and persona was in bad faith and with knowledge (or reckless disregard of the fact) that such use would cause confusion, mistake and deception.

55. As a result of Defendants' misconduct, Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial, but not less than a number well into seven figures.

56. As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer irreparable harm unless their conduct is enjoined and restrained by

this Court.

57. Runels and the CMA's misappropriation of Ms. Kardashian's name, likeness, identity, and persona, with prior knowledge of Plaintiffs' rights therein, was done with an intent to injure Plaintiffs and to subject Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, and such acts were done willfully, maliciously, and oppressively. Plaintiffs are, therefore, entitled to an additional award of punitive and/or exemplary damages in an amount sufficient to punish Runels and the CMA and to deter them from committing such acts in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

A. For a temporary restraining order, as well as preliminary and permanent injunctive relief, prohibiting Defendants from any use of the Photograph, any use of the Mark, and any use of Ms. Kardashian's name, likeness, identity or persona;

B. For damages according to proof at trial;

C. For disgorgement of profits under the Copyright Act, the Lanham Act and under California law;

D. For treble damages under the Lanham Act against Runels and the CMA;

E. For punitive and exemplary damages for Runels and the CMA's violations of Plaintiffs' rights of publicity and their California common law trademark rights;

F. For pre-judgment and post-judgment interest according to proof;

G. For a declaration that Runels and the CMA have infringed Ms. Kardashian's copyrights, trademarks and right to publicity, as set out above, and that such infringements were willful;

H. For attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117, 17 U.S.C. §§ 505 and 1203, and any and all other sources of law; and

I. For such other relief as may be just and proper.

DATED: December 9, 2019  KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP


By: */s/ Michael Kump*
Michael J. Kump
Attorneys for Plaintiffs Kimberly
Kardashian West and Kimsaprincess, Inc.

**DEMAND FOR JURY TRIAL**

On all issues so triable, Plaintiffs hereby demand a trial by jury.

DATED: December 9, 2019    KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By:   */s/ Michael Kump*
      Michael J. Kump
      Attorneys for Plaintiffs Kimberly Kardashian West and Kimsaprincess, Inc.

/670378